In the

# United States Court of Appeals
### For the Seventh Circuit

No. 13-2501

IN THE MATTER OF:
        NEW ENERGY CORPORATION

APPEAL OF:
        NATURAL CHEM HOLDINGS, LLC

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:13-CV-224 — **Robert L. Miller, Jr.**, *Judge*.

ARGUED JANUARY 10, 2014 — DECIDED JANUARY 15, 2014

Before FLAUM and EASTERBROOK, *Circuit Judges*, and
GRIESBACH, *District Judge*.[*]

EASTERBROOK, *Circuit Judge*. New Energy Corp. operated
an ethanol plant in South Bend, Indiana. After entering
bankruptcy, it proposed to sell most of its assets by auction.
One was held on January 31, 2013. The winning bid of $2.5
million came from a joint venture of Maynards Industries

---

[*] Of the Eastern District of Wisconsin, sitting by designation.

(1991) Inc. and Biditup Auctions Worldwide, Inc. New Energy asked the bankruptcy court to confirm this result; so did the United States Trustee, as representative of all creditors, and the Department of Energy, the largest single creditor. Only Natural Chem Holdings opposed confirmation of the sale, contending that establishment of the joint venture amounted to collusion that spoiled the auction.

Bankruptcy Judge Dees confirmed the sale and denied a motion to reconsider that order because, among other things, Natural Chem had not participated in the auction and thus could not have been harmed. 2013 Bankr. LEXIS 3665 (Bankr. N.D. Ind. Feb. 26, 2013). Natural Chem did not ask for a stay in the bankruptcy court, and the sale closed. A district judge affirmed the bankruptcy court's conclusion, observing among other things that after the closing only a protest by the trustee permits a sale to be undone on the ground that "the sale price was controlled by an agreement among potential bidders at such sale". 11 U.S.C. §363(n). The trustee is satisfied with the outcome.

Natural Chem's appellate brief wants us to proceed as ombudsmen, fixing problems brought to our attention by a public-spirited observer. That is not how §363 of the Bankruptcy Code works, however, nor is it an approach that Article III of the Constitution permits. The first question is standing: has Natural Chem suffered a redressable injury as a result of the conduct about which it complains? The bankruptcy and district judges thought not, concluding that Natural Chem had not suffered an injury and that, because of §363, any injury is not redressable.

To qualify for the auction, a potential bidder had to post a bond of $250,000. Natural Chem did not do so. As a result,

it cannot have been injured as a bidder by the auction's outcome; it was not going to prevail no matter what the other bidders did. Nor could it have been injured as a creditor that stood to receive a reduced payout: Natural Chem is not among New Energy's creditors.

Natural Chem says that it did not post the bond because, under the auction's terms, if it had been the high bidder and not come up with at least $3 million (or the value of the winning bid, if lower) as soon as the sale was approved, the bond would have been forfeited as partial compensation for the creditors' losses from delay (New Energy was losing money) and the need to rerun the auction. Natural Chem wanted to propose leasing the plant for a year with an option to buy it for $4 million or more. The structure of its proposed offer was incompatible with a requirement of cash up front. Yet bankruptcy courts are entitled to require cash bids, rather than complex and hard-to-value bids including leases and options. Cash bids are comparable; the sort of bid Natural Chem wanted to make could not easily have been compared against others. Natural Chem chose not to play by the auction's rules. That was its right—but, because it did not bid, it also was not harmed by the outcome. Thus *In re Colony Hill Associates*, 111 F.3d 269 (2d Cir. 1997), does not assist Natural Chem. *Colony Hill* dealt with a situation in which lack of notice plus a rival's misconduct prevented a person from bidding; Natural Chem's own choices led it not to bid.

Natural Chem also misunderstands why collusion among bidders is forbidden. Collusion is a form of monopsony that depresses the price realized at auctions. Collusion by two bidders would have made it *easier* for Natural Chem to secure the property. A reduction in the high bid would

have harmed New Energy's creditors, not Natural Chem. Cf. *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477 (1977). This is why, under §363(n), the trustee rather than a bidder is the right party to protest collusive sales. Natural Chem's proposal that we disregard what it views as an unnecessary technical limitation on post-auction relief runs smack into the Supreme Court's insistence that judges implement the Bankruptcy Code as written, rather than make changes that they see as improvements. See, e.g., *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 132 S. Ct. 2065 (2012).

Thus Natural Chem lacks standing for two independent reasons: it did not bid at the auction, and had it done so it would have been helped rather than harmed if the conduct of which it complains were indeed collusive. Not that agreement among bidders necessarily deserves opprobrium. Joint ventures have the potential to improve productivity as well as the potential to affect prices; that's why in antitrust law they are analyzed under the Rule of Reason rather than a rule of per se illegality. See, e.g., *Polk Bros., Inc. v. Forest City Enterprises, Inc.*, 776 F.2d 185 (7th Cir. 1985); *Rothery Storage & Van Co. v. Atlas Van Lines, Inc.*, 792 F.2d 210 (D.C. Cir. 1986); *United States v. Addyston Pipe & Steel Co.*, 85 F. 271, 280–83 (6th Cir. 1898) (Taft, J.), affirmed, 175 U.S. 211 (1899). All Natural Chem offered to show is that two other bidders formed a joint venture; this is short of establishing forbidden collusion. Perhaps the agreement increased the price realized—which could have harmed Natural Chem (had it bid) but would have helped New Energy's creditors and would have been a reason to confirm the sale rather than set it aside.

The potential benefits of joint ventures supply another reason why Natural Chem cannot prevail. Section 363(m) provides that even the reversal of an order of sale "does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal." This sale was not stayed, and the bankruptcy judge found that the winning bidder acted in good faith. That finding is not clearly erroneous or an abuse of discretion and would be fatal to Natural Chem's protest if it had standing—which it does not.

AFFIRMED